```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

ANTONIO CARMONA,              )
         Plaintiff,           )
                              )
     v.                       ) C.A. No. 04-11755-RGS
                              )
IMMIGRATION AND               )
CUSTOMS ENFORCEMENT,          )
         Defendant.           )
```

MEMORANDUM AND ORDER

For the reasons stated below, Antonio Carmona shall pay the filing fee for this action or submit an application to proceed without prepayment of fees. If he takes either action, he shall also demonstrate good cause, in writing, why this action should not be dismissed.

BACKGROUND

On August 4, 2004, Antonio Carmona, a Massachusetts inmate,[1] commenced this action by filing a document titled "Motion for a Speedy Trial." In his motion, Carmona alleges that Immigration and Customs Enforcement ("ICE")[2] has obtained a "warrant" for him listing

---

[1] Carmona states that he "is presently in the custody of the Massachusetts Department of Corrections [sic]." A search of the Massachusetts Department of Correction's website indicates that Carmona is an inmate at MCI Concord.

[2] The Immigration and Naturalization Service ("INS") has ceased to exist as a federal agency, and the responsibility for detaining and removing immigration detainees currently resides with the Bureau of Immigration and Customs Enforcement ("ICE"). See, e.g., Nma v. Ridge, 286 F. Supp. 2d 469, 470 n. 1 (E.D. Pa. 2003) (ICE, a subordinate agency within the Department of Homeland Security has assumed the enforcement functions of the former INS).

his alien registration number. Motion, p. 1. He states that he is "exercising his right to have a speedy trial" pursuant to the Sixth Amendment to the Constitution and the "English Bill of Rights." Id. Carmona did not submit a filing fee for this action. See Docket.

ANALYSIS

I. Carmona Must Pay the Requisite
   Filing Fee Or Submit An Application
   to Proceed Without Prepayment of the Fees

A party filing an action in this Court must either (1) pay the requisite filing fee for the action ($150 for civil actions; $5 for habeas petitions) or (2) file an application to proceed in forma pauperis on the form required by this Court entitled "Application to Proceed Without Prepayment of Fees and Affidavit" (the "Application"). See Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1914 (fees); 28 U.S.C. § 1915 (in forma pauperis).

Because petitioner has not paid the filing fee or submitted an application for waiver of the filing fee, he shall be granted additional time to do so. Petitioner is further advised that if he pays the fee or files an Application, this action will be subject to dismissal for the reasons stated below.[3]

---

[3] Because Carmona currently is incarcerated, he is further informed that the submission of an application to proceed without prepayment of fees does not relieve him from his obligation to pay the full amount of the filing fee; it simply allows him to proceed without pre-payment of the entire filing fee up-front. 28 U.S.C. § 1915(b)(1), (2). If Carmona submits an application with a certified copy of his prison

II. <u>The Court May Screen This Action</u>

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"). Pub.L. No. 104-134, 110 Stat. 1321 (1996). Among the changes effected by the PLRA is the requirement that all prisoner actions directed against a governmental entity or officer be screened at the earliest practicable time, regardless of whether or not the prisoner litigant has paid the filing fee, and dismissed if the claims lack an arguable basis in law or fact, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b); <u>see</u> <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992) (interpreting former § 1915(d); claims lack an arguable basis in law if they are based on an indisputably meritless legal theory).

    A.  <u>Carmona's Claims Lack An Arguable Basis in Law</u>

If Carmona's motion is construed as an attempt to bring a civil action in this Court, his claims lack an arguable basis

---

account statement as required, the Court will direct the appropriate prison official to withhold from Carmona's prison account and pay to the Court an initial payment towards the $150.00 filing fee. The appropriate prison official will also be directed to collect monthly payments from Carmona's prison account on a continuing basis until such time as the $150.00 statutory filing fee is paid in full. <u>Id.</u>

in law.[4]  Section 1228 of title 8 provides for the expedited removal of aliens convicted of certain crimes by directing, but not requiring, the Attorney General or his delegate to institute removal proceedings while the alien is completing his criminal sentence.  See generally 8 U.S.C. § 1228; § 1228(a)(3)(B) (government is not required to institute removal proceedings for an alien prior to the expiration of the alien's sentence in a correctional facility); 8 U.S.C. § 1226(c) (directing Attorney General to take custody of aliens removable for having committed certain crimes after he or she is released from prison).

Because the Sixth Amendment does not apply to civil proceedings, any failure by the Attorney General or his delegate, ICE, to provide an inmate a speedy deportation hearing does not trigger any right to a "speedy trial." United States v. Cepeda-Luna, 989 F.2d 353, 355 (9th Cir. 1993)

---

[4] I do not construe the "Motion" as a request for a petition for a writ of habeas corpus.  Even if the motion were so construed, this Court would lack subject-matter jurisdiction over such a petition because Carmona does not appear to be in the custody of ICE and does not allege that he has received a final order of removal.  See, e.g., Orozco v. INS, 911 F.2d 539, 541 (8th Cir. 1990) (filing of detainer, standing alone, did not cause petitioner, incarcerated in state prison, to come within the custody of the INS), Galaviz-Medina v. Wooten, 27 F.3d 487, 492 (10th Cir. 1994) (alien serving federal sentence was "in custody" for purposes of habeas relief because INS issued final order of deportation and detainer).

(Speedy Trial Act does not apply to immigration proceedings which are civil in nature); United States v. Gonzalez-Mendoza, 985 F.2d 1014, 1016 (9th Cir. 1993) (filing of immigration detainer was civil in nature and did not trigger Interstate Agreement on Detainers); Prieto v. Gluch, 913 F.2d 1159, 1161 (6th Cir. 1990) (deportation proceedings are civil in nature, and failure to provide a speedy hearing on a deportation charge does not implicate 6th Amendment rights; petitioner had no remedy under the Interstate Agreement on Detainers or the Speedy Trial Act); Argiz v. United States Immigration, 704 F.2d 384, 387 (7th Cir. 1983) (same).[5] Thus, Carmona's claim that he is entitled to a "speedy trial" on his removal charges lacks an arguable basis in law. Cepeda-Luna, 989 F.2d at 355 (dismissing); Gonzalez-Mendoza, 985 F.2d at 1016 (same); Prieto, 913 F.2d at 1161 (same); Argiz, 704 F.2d at 387 (same). Cf. Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 484-485 (1999) (§ 1252(g) bars courts from

---

[5] INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984) (rejecting the argument that deportation is punishment for past behavior and therefore subject to the "various protections that apply in the context of a criminal trial"); Harisiades v. Shaughnessy, 342 U.S. 580, 594 (1952) ("Deportation, however severe its consequences, has been consistently classified as a civil rather than a criminal procedure."); United States v. Bodre, 948 F.2d 28, 33 (1st Cir. 1991)(deportation is a civil proceeding and "is not punishment for criminal acts but rather a governmental decision not to harbor an unwanted alien").

hearing claims arising from decision or action by Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien); accord Carranza v. INS, 277 F.3d 65, 72 (1st Cir. 2002) (INS retains inherent prosecutorial discretion as to whether to bring removal proceedings).

CONCLUSION

ACCORDINGLY,

(1) Carmona shall either pay the filing fee for this action or submit an application to proceed without prepayment of fees within 42 days of the date of this Memorandum or Order;

(2) If Carmona pays the fee or submits an Application, he shall also demonstrate good cause, in writing, why the petition should not be dismissed for the reasons stated above;

(3) The Clerk shall send Carmona an Application to Proceed Without Prepayment of Fees and Affidavit.

Dated at Boston, Massachusetts, this 23rd day of August, 2004.

                              s/ Richard G. Stearns
                              RICHARD G. STEARNS
                              UNITED STATES DISTRICT JUDGE